UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMY-JO KOGLIN,

    Plaintiff,

v.                                                                                      Case No. 18-12475

ANTHONY WICKERSHAM,                                HON. AVERN COHN
and ROBERT CROTHERS,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 8)

I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Emmy-Jo Koglin (Koglin) is suing defendants Macomb County Sheriff Anthony Wickersham (Wickersham) in his official capacity.[1] Her claims arises out of her arrest on a charge of identify theft initiated by Koglin's now ex-husband, Robert Crothers (Crothers)[2] which was later dismissed. The following counts of the complaint are at issue:

    Count I  - § 1983 claim against Wickersham (14th Amendment)
    Count II - § 1983 claim against Wickersham (4th Amendment)
    Count VI -  § 1983 claim against Wickersham for privacy-false light

Before the Court is Wickersham's motion to dismiss on the grounds the complaint fails to allege a plausible claim against him in his official capacity. For the

---

[1] Koglin initially sued Wickersham in his individual capacity as well but agreed to withdraw this claim at oral argument.

[2] Koglin also sued Crothers but stated at oral argument that she has "resolved" her claim against him.

reasons that follow, the motion will be granted.

## II. Background

The facts as alleged in the complaint follow.

Koglin and Crothers were once married. In 2014, during their marriage, Koglin reported to the St. Clair County police that Crothers was distributing child pornography. Crothers was later charged in state court with child pornography and plead guilty. As a result of reporting Crothers, Koglin says Crothers began harassing her. She eventually obtained two personal protection orders against him and filed for divorce.

On April 18, 2014, while divorce proceedings were pending, Crothers filed a police report with the Macomb County Sheriff's Department claiming Koglin engaged in fraud and identity theft. A criminal complaint was issued against Koglin based on Crothers's report and after Macomb County investigated Crothers' allegations. The Macomb County prosecutor later obtained a warrant for Koglin's arrest.

Koglin and Crothers' divorce was final on May 14, 2014.

On June 1, 2014, Koglin was arrested on the warrant and placed in custody. Koglin was arraigned the next day and released on bond.

On August 22, 2014, a preliminary examination was held at which the prosecution moved to dismiss the case based on evidence obtained after the warrant was issued which showed Koglin did not engage in fraud or identity theft.

On October 28, 2016, Crothers was arraigned on the felony charge of filing a false police report against Koglin. Crothers later plead nolo contendere to a misdemeanor offense of filing a false report.

III.  Motion to Dismiss

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading.  The Rule requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted).  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court may consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'"  Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice 12.342 (3d ed. 2000)); see also Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) (holding that a document incorporated by reference in a complaint can be introduced by a defendant if it is not attached by plaintiff).[3]

---

[3]At the Court's request, counsel for Wickersham submitted the investigative file on Koglin's case.  The Court considers certain documents, particularly the Complaint, the Case Report, and a Supplemental Narrative as documents which naturally flow from the complaint and therefore may be considered in ruling on the motion to dismiss.

IV.  Discussion

A.  Section 1983 Generally

Section 1983 creates a civil cause of action against a defendant who, while acting under color of state law, deprives another person of the "rights, privileges or immunities secured by the Constitution or laws of the United States." Barker v. Goodrich, 649 F.3d 428, 432 (6th Cir. 2011) (citation omitted).  To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law."  Flanoty v. Bonn, 604 F.3d 249, 253 (6th Cir. 2010) (citations omitted).

B.  Official Liability

An official capacity suit is generally "only another way of pleading an action against an entity of which an officer is an agent."  Hafer, 502 U.S. at 25 (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)).  A suit against a defendant in his official capacity under § 1983 is equivalent to a suit against the local government entity, i.e.  Macomb County. Powers v. County of Lorain, 259 F. App'x 818, 822, n.2 (6th Cir. 2008). Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." Hafer, 502 U.S. at 25 (citing Graham, 473 U.S. at 166) (quoting Monell, 436 U.S. at 694).  In addition to identifying "conduct properly attributable to the municipality" itself, the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged."  Cherrington v. Skeeter, 344 F.3d 631, 645 (6th Cir. 2003) (quoting Bd. of County Com'rs of Bryan

County, Okl. v. Brown, 520 U.S. 397, 404 (1997)).

In order to state a claim against a municipality under § 1983, a plaintiff must show that the injury is caused by the execution of a government's policy or custom. Monell requires a " 'direct causal link' between the policy and the alleged constitutional violation such that the [municipal policy] is the 'moving force' behind the violation." Bickerstaff, 830 F.3d at 402 (citations omitted). A plaintiff fails to state an adequate claim if his allegations are based upon mere conclusions and opinions. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Although Rule 8 allows for notice pleading, the complaint must nevertheless contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677-78.

## C. Application

As best as can be gleaned, the gravamen of the complaint is that a criminal complaint was issued against Koglin (1) without an investigation into the veracity of Crothers' representations, (2) with only one phone call made to a number Koglin no longer used, (3) with the notice of the criminal complaint mailed to a post office box she had not owned for two years, and (4) without a notice mailed to the address listed on Koglin's drivers license. Koglin also complains that the fact of her arrest was posted on the internet and the charges and her conditions of bond were placed on the public record.

As to the allegations against Wickersham, which appear to blend individual and official capacity allegations, Koglin alleges:

a. Wickersham "was empowered by the public trust to investigate and proceed

5

with due care before instituting serious and severe process, including but not limited to the arrest and incarceration of citizens, such as Koglin, on allegations of nonviolent offenses." Complaint, Doc. 1 at ¶5;

b. "Initiated and implanted policies, customs, decisions, and practices which constituted deliberate indifference to the adequacy of training in investigating citizen complaints filed by ex-spouses or ex-partners against ex-spouses, especially non-violent complaints where there exists no emergency or exigent circumstances. Id., at ¶19; and

c. "The policy and practice of failing to conduct an investigation of the background circumstances, history of allegation of one party against the other, or to exercise appropriate caution under circumstances that would provide a trained detective sheriff to be suspicious of whether probable cause existed to seek a warrant, is a failure to provide adequate training that caused [Koglin] grave suffering and injury. Id. at ¶ 20.

d. "In light of the duties assigned to officers such as detective sheriffs, the need for more or different training is so obvious, and the inadequacy of the training so likely to result in the violation of constitutional rights, that the policymaker of Defendant Wickersham can reasonably be said to have been deliberately indifferent to the need for such training, particularly where a false arrest has such ramifications as incarceration, public representations, and arrest and detention records published over the internet. Id. at ¶ 22.

e. "The policies, practices and procedures of Defendant Wickersham put an innocent life at risk, and reflected a reckless or callous indifference to [Koglin's] individual rights. Id. at ¶ 27.

f. Wickersham, "through the policies, procedures and practices he initiated, broadcasted information that was unreasonable and highly objectionable to the general public in general, or to a large number of people, by attributing characteristics, conduct, or beliefs that were false and placed [Koglin] in a false position. Id. at ¶49.

g. "Through operation of Defendant Wickersham's policies, procedures, and practices it is intended that persona who are arrested and jailed, whether or not innocent, are published on a web page maintained by him. Id. at ¶ 50.

Koglin relies on boilerplate language to suggest that Macomb County, through Wickersham, has some amorphous unconstitutional policy of failing to train its officers to properly investigate cases initiated by a citizens for a nonviolent offense where the

citizen/complaining witness is claiming to be victimized by an ex spouse or ex partner.

At the hearing, Koglin cited Jones v. United States, 362 U.S. 257 (1960) as support for her argument that allegations of wrongdoing from a complainant should be carefully scrutinized. Jones is inapposite. The issue in Jones was whether a defendant had standing to contest a seizure. While there was discussion of the well-known principle of criminal law that when law enforcement rely on information from an informant to establish probable cause, the information must be reasonably corroborated, this principle does not support Koglin's contention that a citizen's complaint must be treated the same as a criminal informant.

At best, Koglin offers attorney argument that Macomb County should have some kind of policy which calls for increased scrutiny when a complaining witness accuses a former spouse with a crime. Putting aside how such a policy would be written or implemented, the record here shows that Crothers' fraud complaint was investigated by a deputy sheriff who and eventually determined to send the matter to the prosecutor. The prosecutor obtained a warrant request which was granted by a magistrate judge. Later, the deputy sheriff obtained more information furnished by Koglin which was sent to the prosecutor who determined to dismiss the charge. Thus, it shows that the investigation was thorough.

Even assuming Koglin is correct that Macomb County officials should have determined earlier that the identity theft charge was unsupported, this fact at most supports a finding of incompetent or negligent investigation, which is insufficient to establish a constitutional violation. Seigel v. City of Germantown, 25 F. App'x 249, 250 (6th Cir. 2001). See also Ahlers v. Schebil, 188 F.3d 365, 374 (6th Cir. 1999); Yancey

7

v. Carroll County, Ky., 876 F.2d 1238, 1242, 1245 (6th Cir. 1989).

In the end, Koglin is complaining about the manner in which a criminal complaint was brought against her. She thinks the authorities should have done better before she was subjected to the criminal justice system. But she identifies no unconstitutional policy nor does she allege what policy Wickersham should have had in place which would have avoided the events. The complaint is simply devoid of any specific allegations in this regard. As such, Koglin has not alleged a plausible official capacity claim against Wickersham.

V.  Conclusion

For the reasons stated above, Wickersham's motion is GRANTED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/2/2019
   Detroit, Michigan