UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMY-JO KOGLIN,

    Plaintiff,

v.      Case No. 18-12475

ANTHONY WICKERSHAM,      HON. AVERN COHN
and ROBERT CROTHERS,

    Defendant.
_____/

# ORDER
# DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 23)

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Emmy-Jo Koglin (Koglin) sued defendants Macomb County Sheriff Anthony Wickersham (Wickersham) in his official capacity. Her claims arises out of her arrest on a charge of identify theft initiated by Koglin's now ex-husband, Robert Crothers (Crothers) which was later dismissed. The following counts of the complaint were at issue:

    Count I  - § 1983 claim against Wickersham (14th Amendment)
    Count II - § 1983 claim against Wickersham (4th Amendment)
    Count VI -  § 1983 claim against Wickersham for privacy-false light

Wickersham filed a motion to dismiss on the grounds the complaint failed to allege a plausible claim against him. (Doc. 8). The Court agreed, granted the motion and dismissed the case. (Doc. 21). Before the Court is Koglin's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

A motion for reconsideration will be granted only if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. See E.D. Mich. LR 7.1(h)(3); Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004). A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

III.

Koglin has not satisfied this standard. Instead, she presents new legal argument not raised before judgment was entered (access to the Courts) and secondly reargues her core claim that her arrest was the product of a negligent investigation.

As to the newly raised argument, Koglin says that the quality of the underlying investigation denied her access to the courts under the 14th Amendment's due process clause. The right of access to the courts does not itself confer substantive rights; instead, a plaintiff alleging a denial-of-access claim must have an arguable, non-frivolous underlying cause of action the resolution of which makes access to the courts a necessity. See Christopher v Harbury, 536 US 403, 415 (2002) (right of access is "ancillary to the underlying claim, without which plaintiff cannot have suffered an injury"). Denial of access to the courts claims may be "forward looking" or "backward looking." Id. at 415. See Swekel v City of River Rouge, 119 F.3d 1259 (6th Cir. 1997); Flagg v City of Detroit, 715 F.3d 165 (6th Cir. 2013).

Putting aside whether such a claim is viable as applied to this case, Koglin never raised such a claim in her complaint, in her response to Wickersham's motion, or in any argument before the Court. She cannot do so now. It is well established that a motion for reconsideration cannot be used "to raise new legal arguments that could have been raised before judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publishing, 477 F.3d 383, 395 (6th Cir. 2007). Thus, this is not grounds for reconsideration.

Koglin then goes on to reargue the merits of her negligent investigation claim. Koglin fails to demonstrate that the Court erred in dismissing her claim. As the Court previously noted, no one, including Koglin, has a 14th Amendment due process right to a police investigation. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Jackson v. Schultz, 429 F.3d 586, 590 (6th Cir. 2005); Seigel v. City of Germantown, 25 F. App'x 249, 250 (6th Cir. 2001)

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/6/2019
Detroit, Michigan

3